JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RODNEY DOUGLAS CARR, | ) | Case No. CV 18-4370 FMO (FFMx) |
| Plaintiff, | ) | |
| v. | ) | **ORDER Re: MOTION TO REMAND** |
| NOVO NORDISK, INC., DAN O'NEILL, AMANDA AGUILOS, DOES 1 through 100; | ) | |
| Defendants. | ) | |

Having reviewed and considered all the briefing filed with respect to plaintiff's Motion to Remand (Dkt. 17, "Motion"), the court concludes that oral argument is not necessary to resolve the Motion. See Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

## BACKGROUND

On June 12, 2017, plaintiff Rodney Douglas Carr ("plaintiff") filed a Complaint in the Los Angeles County Superior Court ("state court") against Novo Nordisk, Inc. ("NNI"), Dan O'Neill, Amanda Aguilos, Vincent Lamanna, and Does 1 through 100 (collectively, "defendants"), asserting state law claims for: breach of express and implied contract; breach of the covenant of good faith and fair dealing; wrongful termination in violation of public policy; discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900, et seq.;

intentional infliction of emotional distress ("IIED"); violation of California Business & Professions Code §§ 17200, et seq.; violation of the California Consumer Legal Remedies Act, Cal. Civil Code §§ 1770, et seq.; intentional misrepresentation; negligent misrepresentation; and concealment. (See Dkt. 1-2, "Complaint" at ¶¶ 40-89). Defendants removed the action to this court on May 22, 2018, on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. (See Dkt. 1, Notice of Removal ("NOR") at 1).

On June 21, 2018, plaintiff filed the instant Motion challenging removal of the action. (See Dkt. 17, Motion). On June 28, 2018, defendants filed an opposition to plaintiff's Motion, (see Dkt. 18, "Opposition"), and plaintiff filed a reply to defendant's opposition on June 29, 2019. (See Dkt. 19, "Reply").

**LEGAL STANDARD**

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1] See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014).

2

jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

## DISCUSSION

I.  DIVERSITY JURISDICTION

The court's review of the NOR and the attached state court Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter. In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction.[2] Therefore, removal was improper. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. 1332(a), complete diversity must exist between the opposing parties. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). Plaintiff is a citizen of California. (See Dkt. 1-2, Complaint ¶ 31 at ECF 172; Dkt. 1, NOR at ¶ 22). Defendants have shown that NNI is a citizen of Delaware and New Jersey, (see Dkt. 1, NOR at ¶¶ 13-18), Dan O'Neill is a citizen of Washington, (see id. at ¶¶ 19-20), and Amanda Aguilos is a citizen of New Jersey. (See id. at ¶¶ 19, 21). However, defendant Vincenzo Lamanna ("Lamanna") is a citizen of California. (See Dkt. 1-2, Complaint at ¶ 35; Dkt. 1, NOR at ¶ 8) (conceding that Lamanna "was a resident of California").

On February 9, 2018, Lamanna filed a Demurrer, or in the Alternative, Motion for Summary

---

[2] Defendants seeks only to invoke the court's diversity jurisdiction. (See, generally, Dkt. 1, NOR).

3

Judgment or Summary Adjudication ("Lamanna's Motion"). (See Dkt. 1-4, Lamanna's Motion at ECF 229-46). On May 15, 2018, the state court entered a Minute Order ruling on Lamanna's Motion. (See Dkt. 1, NOR at ¶ 5; Dkt. 1-6, State Court's Order of May 15, 2018, at ECF 513-34). Among other things, the state court granted summary judgment as to plaintiff's harassment claim, (see Dkt. 1-6, State Court's Order of May 15, 2018, at ECF 519-23; see also id. at ECF 537), and plaintiff's IIED claim. (See id. at ECF 524-31; see also id. at ECF 537). In the alternative to granting summary judgment, the state court, in one paragraph, granted Lamanna's demurrer without leave to amend. (See id. at ECF 531; see also id. at ECF 536). The state court dismissed the causes of action against Lamanna, and dismissed Lamanna from the action. (See id. at ECF 531; see also id. at ECF 537).

Even though plaintiff filed his Complaint on June 12, 2017, defendants, as noted above, removed the action on May 22, 2018, nearly a year later. Although the Notice of Removal does not specifically assert that Lamanna was fraudulently joined, i.e., that he is a sham defendant, (see, generally, Dkt. 1, NOR), it does assert that "[d]uring the course of the state court proceedings, it became evident to Defendants that Plaintiff named Lamanna solely for the improper purpose of defeating jurisdiction." (Id. at ¶ 8).

As an initial matter, the Notice of Removal provides no authority or explanation as to why it was proper to remove the instant action on fraudulent joinder long after the 30-day period had expired to remove under 28 U.S.C. 1446(b)(1). (See, generally, Dkt. 1, NOR). "[D]iversity of citizenship, as grounds for removal jurisdiction, must exist both when an action is filed in state court and when the defendant petitions for removal of the action to federal court." Pouratian v. Travelers Comm. Ins., 2015 WL 12832099, *1 (C.D. Cal. 2015) (emphasis added); Strasser v. KLM Royal Dutch Airlines, 631 F.Supp. 1254, 1256 (C.D. Cal. 1986) (stating that this rule is "well established"). "[A] defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." Padilla v. AT & T Corp., 697 F.Supp.2d 1156, 1159 (C.D. Cal. 2009).

Even assuming the State Court's Order of May 15, 2018, established that plaintiff did not state a claim at the time of removal, defendants have not demonstrated that the case was

4

removable when the action was initially filed in state court.  In other words, defendants have not established that Lamanna was fraudulently joined at the time the lawsuit was filed.  At most, defendants have established that Lamanna was involuntarily dismissed from the action because plaintiff did not put forth sufficient evidence to survive summary adjudication.  (See, e.g., Dkt. 1-6, State Court's Order of May 15, 2018, at ECF 520 & 522) (granting "summary adjudication" as to "Issue One," i.e., "Whether defendant [Lamanna] engaged in conduct sufficiently severe or pervasive so as to alter the conditions of employment"); (id. at ECF 522-23) (granting "summary adjudication" as to "Issue Two," i.e., "Whether defendant [Lamanna] ever supervised Defendant Dan O'Neill").

"[W]hether . . . a case non-removable when commenced shall afterwards become removable depends not upon what the defendant may allege or prove or what the court may, after hearing upon the merits, In invitum, order, but solely upon the form which the plaintiff by his voluntary action shall give to the pleadings in the case as it progresses towards a conclusion." Self v. General Motors Corp., 588 F.2d 655, 659 (9th Cir. 1978).  Where, as here, "a state court dismisses a non-diverse defendant without the plaintiff's assent, the complaint is not removable on diversity grounds."  Pouratian, 2015 WL 12832099, at *1 (internal quotation marks omitted); see Self, 588 F.2d at 657-59 (noting that an action not initially removable must "remain in state court unless a 'voluntary' act of the plaintiff brings about a change that renders the case removable"); People of State of Cal. By & Through Lungren v. Keating, 986 F.2d 346, 348 (9th Cir. 1993) ("Since a voluntary act by the plaintiff has not rendered the case removable, it must remain in state court."); Avila v. Allegro Mfg., 2011 WL 6010044, *2-*3 (C.D. Cal. 2011) (finding that, where dismissal of non-diverse defendant was involuntary, defendant failed to meet its burden of "establish[ing] that complete diversity existed between Plaintiff and all defending parties at the time the action was filed in state court"); Beck v. Starbucks Corp., 2008 WL 4298575, *2 (N.D. Cal. 2008) (concluding that an action should be remanded where diversity was not achieved by a voluntary act on the part of the plaintiff).  In other words, "the Superior Court Order dismissing [defendant Lamanna] in response to . . . defendant[s'] [demurrer, or, in the alternative] summary judgment motion constitutes an involuntary dismissal.  As a result, the action is not removable on

5

diversity grounds." Pouratian, 2015 WL 12832099, at *2; see, e.g., Strasser, 631 F.Supp. at 1258 ("Since KLM's removal petition showed that the original parties were not diverse and that non-diverse defendants were eliminated by summary judgment, it is indisputable, under Self, that when KLM petitioned for removal, federal jurisdiction was lacking.").

Finally, contrary to defendants' assertion, (see Dkt. 18, Opposition at 14 ), the State Court's Order of May 15, 2018, is more than sufficient to establish the "possibility" that a state court could find that plaintiff's complaint states a cause of action against Lamanna. See Hunter v. Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009) ("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.") (internal quotation marks omitted). For example, in dismissing plaintiff's harassment claim against Lamanna on summary judgment grounds instead of demurrer grounds (i.e., failure to state a claim), (see e.g., Dkt. 1-6, State Court's Order of May 15, 2018, at 520 & 522; id. at ECF 522-23), the state court arguably found, albeit implicitly, that plaintiff stated a harassment claim as to defendant Lamanna.[3] "If a plaintiff's complaint can withstand a Rule 12(b)(6) motion [i.e., a demurrer] with respect to a particular defendant, it necessarily follows that the defendant has not been fraudulently joined." Grancare, LLC v. Thrower, 889 F.3d 543, 550 (9th Cir. 2018).

"But the reverse is not true. If a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end[.]" Grancare, LLC, 889 F.3d at 550. In other words, even assuming the state court had dismissed Lamanna on failure to state a claim grounds instead of summary judgment grounds, that would not be sufficient for defendants to overcome their burden on removal. The Ninth Circuit has "declined to uphold fraudulent joinder rulings where a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." Grancare, LLC, 889 F.3d at 548-49; see Gebran v.

---

[3] Although the state court granted defendants' Demurrer "in the alternative to granting summary judgment as set forth [in its decision,"], the state court devoted only one paragraph out of a 21-page decision to discussing the demurrer portion of Lamanna's Motion. (See Dkt. 1-6, State Court's Order of May 15, 2018, at ECF 530). In other words, it is clear that the dismissal of defendant Lamanna was done on summary judgment grounds.

6

Wells Fargo Bank, N.A., 2016 WL 7471292, *5 (C.D. Cal. 2016) (explaining that a court must consider whether plaintiff has a cause of action against an alleged defendant "rather than inquire whether [the] defendant[] could propound defenses to an otherwise valid cause of action"). Thus, that complete diversity existed at the time of defendants' removal because the state court had sustained Lamanna's demurrer without leave to amend is insufficient to justify defendants' removal. See, e.g., Avila, 2011 WL 6010044, at *3 (holding that removal was improper when complete diversity did not exist when complaint was filed, in spite of complete diversity existing at time of removal because state court had sustained non-diverse defendant's demurrer without leave to amend).

"It is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent, entitling the real defendant to a removal." Albi v. Street & Smith Publ'ns, 140 F.2d 310, 312 (9th Cir. 1944); see Allen v. Boeing Co., 784 F.3d 625, 634 (9th Cir. 2015) ("[J]oinder is fraudulent when a plaintiff's failure to state a cause of action against the resident defendant is obvious according to the applicable state law."). To prove fraudulent joinder, the defendant must show by "clear and convincing evidence" that the plaintiff does not have a colorable claim against the alleged sham defendant. See Hamilton Materials Inc. v. Dow Chemical Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."); see also Mireles v. Wells Fargo Bank, N.A., 845 F.Supp.2d 1034, 1063 (C.D. Cal. 2012) ("Demonstrating fraudulent joinder" requires showing that "after all disputed questions of fact and all ambiguities . . . are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.") (emphasis in original); Vasquez v. Bank of Am., N.A., 2015 WL 794545, *4 (C.D. Cal. 2015) (finding defendants had not met the "heavy burden of persuasion to show to a near certainty that joinder was fraudulent" because plaintiff could amend complaint to state at least one valid claim) (internal quotation marks omitted).

Here, defendants have failed to meet their heavy burden of showing by clear and convincing evidence that plaintiff did not have a colorable claim against Lamanna both at the time

the action was filed in the state court and at the time of removal.[4]  See Strotek Corp. v. Air Transport Ass'n of Am., 300 F.3d 1129, 1131 (9th Cir. 2002) ("[Diversity] is determined (and must exist) as of the time the complaint is filed and removal is effected."); Munoz v. Laboratory Corp. of Am., 2015 WL 4507104, *1 (C.D. Cal. 2015) ("Even where presently deficiently pled, where Plaintiffs may amend [the] claim to cure any arguable defects, it may not be said that it is impossible for them to state a claim against [the defendant].") (emphasis in original).  Despite the state court's summary judgment decision dismissing the claims against Lamanna – which plaintiff can challenge on appeal in the state court – there is no dispute that, at the time plaintiff filed the instant action on June 12, 2017, plaintiff alleged colorable claims against Lamanna.  See, e.g., Washington v. Lowe's HIW Inc., 75 F.Supp.3d 1240, 1248 (N.D. Cal. 2014) (stating that under FEHA, "harassment claims are cognizable against individual defendants."); Reno v. Baird, 18 Cal.4th 640, 644 (1998) (distinguishing liability under FEHA for harassment claims, to which individual employees are subject, from that under FEHA for discrimination claims, to which only "employers" are subject); Martinez v. Michaels, 2015 WL 4337059, *9 (C.D. Cal. 2015) ("[C]ourts ordinarily find IIED claims based on workplace harassment or discrimination viable even where asserted against individual supervisors."); Rangel v. Bridgestone Retail Operations, LLC, 200 F.Supp.3d 1024, 1034 (C.D. Cal. 2016) (remanding action because although "Plaintiff's operative complaint [did] not adequately allege a cause of action against [the] Individual Defendant . . . for IIED, Defendants [did] not m[e]et their burden of establishing that Plaintiff [was] incapable of amending his complaint to state a valid IIED claim").

"A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a general presumption against [finding] fraudulent joinder." Grancare, LLC, 889 F.3d at 548 (some internal quotation marks omitted).  Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the

---

[4] Claims against Lamanna include discrimination, harassment, and retaliation in violation of FEHA, California Government Code § 12900, et seq., and IIED.  (See, Dkt. 1-2, Complaint at ¶¶ 60-74).

circumstances here, that defendants have met their heavy burden of showing that Lamanna was fraudulently joined. Because Lamanna is a citizen of California, there is no basis for diversity jurisdiction, and the court lacks subject matter jurisdiction over this matter.

II.     ATTORNEY'S FEES.

Under 28 U.S.C. § 144(c), "an order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 144(c). The test for awarding attorney's fees is whether it was objectively reasonable for defendant to remove the case to federal court. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 711 (2005). "Absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Id. at 136, 126 S.Ct. at 708.

Plaintiff provides no argument as to why the court should award him costs and fees beyond a conclusory assertion that 28 U.S.C. § 144(c) "authorizes awards of costs and fees to a plaintiff who is successful on a remand motion." (See Dkt. 17, Motion at 9-10). In any event, under the circumstances, the court is persuaded that there was an objectively reasonable basis for d]efendant to remove the case, and therefore attorney's fees are not warranted.

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiffs' Motion to Remand **(Document No. 17)** is **granted in part** and **denied in part**.

2. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill Street, Los Angeles, CA 90012, pursuant to 28 U.S.C. § 1447(c).

3. The Clerk shall send a certified copy of this Order to the state court.

Dated this 27th day of July, 2018.

```
                    _____/s/_____
                       Fernando M. Olguin
                    United States District Judge
```